(No. 19622. )

The People of the State of Illinois, Defendant in Error, vs. Max Jaffe, Plaintiff in Error.

*Opinion filed February 21, 1930—Rehearing denied April 3, 1930.*

Simon Herr, and Louis Greenberg, for plaintiff in error.

Oscar E. Carlstrom, Attorney General, John A. Swanson, State's Attorney, and James B. Searcy, (Edward E. Wilson, and John Holman, of counsel,) for the People.

Mr. Justice Heard delivered the opinion of the court:

Plaintiff in error, Max Jaffe, was in the criminal court of Cook county indicted, tried, convicted and sentenced to the penitentiary for the crime of robbery while armed with a dangerous weapon. The cause is here for review on writ of error.

Katherine Puffenbarger testified that on August 6, 1928, she was night manager of the Western Union Telegraph office at 110 East Ohio street, in Chicago; that about 11:50 P. M. a man entered the office, came up to the counter and inquired how long it would take to get a message back from Cincinnati, and on being told he thrust a

gun in her face and said, "Give me all the money you got;" that he then robbed the place of $30.14; that he had the gun pointed at her all the time he was in the office; that she next saw him on August 19, 1928, at the DesPlaines street station, at which time she identified him, out of a room full of people, as the man who had committed the robbery.

Plaintiff in error testified denying his guilt, and said he was not in the telegraph office at 110 East Ohio street on August 6, 1928, or at any other time; that on August 6 he either went to a show or was in a restaurant, playing cards. He was corroborated by Benjamin Diamond, who testified that he and plaintiff in error were together every night from August 2 until August 18, 1928, between the hours of eleven and two o'clock.

Plaintiff in error complains that "the adverse rulings of the trial judge so impressed the jury as to the guilt of the defendant that he did not receive the benefit of the instructions given to the jury as to the defense of alibi, as to the weight of the evidence and upon other important issues." The adverse rulings were those made on the cross-examination of Sienkewicz, the officer who made the arrest, and upon the cross-examination of the defendant. The cross-examination of Sienkewicz by plaintiff in error's attorney was unduly extended, and many of the questions to which objections were sustained were either repetitions, trivial or immaterial. While the State's attorney cross-examined the defendant at undue length as to his past history, there was nothing in the questions suggesting that plaintiff in error was an habitual criminal and law-breaker or that he had ever been guilty of any previous crime. While the cross-examination was unduly extended, this was a matter somewhat within the discretion of the court, and in this case there was no reversible error in the matter of which complaint was made. The jury saw and heard the witnesses and observed their conduct and demeanor on the witness

stand, and we would not be justified on this record in setting aside their verdict.

Finding no reversible error in the record, the judgment of the criminal court is affirmed. *Judgment affirmed.*